UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kenny Christopher, as Trustee of
Embroidery Library, Inc. Employee
Stock Ownership Plan, and Embroidery
Library, Inc.,

       Plaintiffs and
       Counterdefendants,

v.                                                                                    Civil No. 09-3703 (JNE/JJK)
                                                                                      ORDER

Harlan L. Hanson, Marcia K. Hanson,
Mark B. Hanson, and Scott E. Hanson,

       Defendants, Counterclaimants,
       and Third-Party Plaintiffs,

v.

Debra Mundinger, Kenny Christopher,
and James Steffen,

       Third-Party Defendants.

This matter is before the Court on the objection of Harlan L. Hanson, Marcia K. Hanson,

Mark B. Hanson, and Scott E. Hanson (collectively, Hansons) to an Order and Report &

Recommendation of the Honorable Jeffrey J. Keyes, United States Magistrate Judge, dated May

24, 2010.

Embroidery Library, Inc. (ELI) and Kenny Christopher, as Trustee of Embroidery

Library, Inc. Employee Stock Ownership Plan (Plan), brought this action against Harlan Hanson,

a former officer, director, and shareholder of ELI and trustee of the Plan, and Marcia Hanson,

Mark Hanson, and Scott Hanson, former directors and shareholders of ELI (collectively, non-

Trustee Hansons). According to the Complaint, the Plan owned 37% of ELI's stock and the

Hansons collectively owned the remainder at the beginning of 2006. Harlan Hanson devised a

plan to dispose of the Hansons' interest in ELI through transactions in January 2006 and December 2006. On January 25, 2006, the Plan purchased and ELI redeemed several thousand shares from the Hansons, resulting in the Plan becoming the majority shareholder. Thereafter, Harlan Hanson arranged for the Plan and ELI to obtain an appraisal of ELI. On December 13, 2006, the appraiser opined that ELI's fair-market value as of November 30, 2006, was $47,860,000 or $286.52 per share. On December 31, 2006, the Plan purchased or ELI redeemed the remainder of the Hansons' shares at a price of $275 per share, the Hansons resigned as directors of ELI, and Harlan Hanson resigned as trustee of the Plan.

Plaintiffs allege that the Hansons "knew or should have known" that the purchase price of their shares, which was based on the appraisal, was substantially inflated because Harlan Hanson provided inaccurate or incomplete information to the appraiser. Specifically, the Complaint alleges that Harlan Hanson: (1) "provided the appraiser with sales and revenue projections that he knew or should have known were inflated and not achievable"; (2) did not disclose to the appraiser failed attempts to sell ELI in 2004 during which the highest "expression of interest" was $5.6 million; (3) instructed the appraiser not to include a "minority interest valuation discount"; (4) failed to disclose that the December 31, 2006, transaction would require ELI to agree to restrict the sale of ELI stock for three years; (5) told the appraiser not to include a "marketability discount"; and (6) ensured that the appraiser did not speak with the legal counsel who prepared the documents for the December 2006 transaction. Plaintiffs do not assert that the non-Trustee Hansons gave false or inaccurate information to the appraiser. Instead, they assert, among other things, that the non-Trustee Hansons breached their fiduciary duties as directors of ELI by failing to monitor Harlan Hanson and failing to remove him as a Plan trustee once they "knew or should have known that [he] caused or intended to cause" the Plan to overpay for the

Hansons' ELI shares.  The Complaint alleges that the Hansons violated the Employee Retirement

Income Security Act of 1974 and asserts claims under Minnesota law for violation of the

Minnesota Business Corporation Act, breach of fiduciary duty, breach of the duty of loyalty,

unjust enrichment, conspiracy, and aiding and abetting.

On January 19, 2010, the Hansons filed a Third-Party Complaint seeking indemnification

from Debra Mundinger, Kenny Christopher, and James Steffen as trustees of the Plan.[1]  The

Third-Party Defendants moved to dismiss the Third-Party Complaint.  Rather than responding to

that motion, the Hansons moved to amend the Third-Party Complaint to assert indemnification

and contribution claims against the Third-Party Defendants as officers of ELI.  In the Order and

Report & Recommendation, the magistrate judge denied as futile the Hansons' motion to amend

the Third-Party Complaint.[2]  The magistrate judge first determined that the proposed Amended

Third-Party Complaint did not assert claims for contribution and indemnification against

Christopher and Steffen because no allegations supported a finding that they were officers of

ELI.  The magistrate judge next found that the Hansons had no right to indemnification from the

Third-Party Defendants.  Finally, the magistrate judge determined that the Hansons had no right

to contribution from the Third-Party Defendants because the Hansons' potential liability to

Plaintiffs rested on a finding of intentional wrongdoing.  The Hansons objected only to the

magistrate judge's denial of their motion to amend with respect to the contribution claim against

---

[1]     The Hansons also counterclaimed against the Plan and ELI.

[2]     The magistrate judge also recommended granting the Hansons' motion to dismiss
Plaintiffs' claim for punitive damages and the Third-Party Defendants' motion to dismiss the
Third-Party Complaint.

Mundinger.[3]  For the reasons stated below, the Court overrules the Hansons' objection and affirms the magistrate judge's determination that a contribution claim against Mundinger would be futile.  The Court also adopts the holdings and recommendations of the magistrate judge to which there were no objections.

The Court ordinarily reviews the denial of a motion for leave to amend under a deferential standard of review.  *See* 28 U.S.C. § 636(b)(1)(A) (2006); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).  A de novo standard of review applies in this case, however, because the magistrate judge denied the Hansons' motion for leave to amend the Third-Party Complaint as futile.  *See Am. Ins. Co. v. St. Jude Med., Inc.*, 597 F. Supp. 2d 973, 977 (D. Minn. 2009); *cf. Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("We ordinarily review the denial of leave to amend a complaint for abuse of discretion, but when the district court denies leave on the basis of futility we review the underlying legal conclusion de novo." (quotation marks omitted)).

After expiration of the time during which a party may amend its pleading as a matter of course, amendment requires written consent of the opposing party or leave of court.  Fed. R. Civ. P. 15(a).  "The court should freely grant leave when justice so requires."  *Id.*  "However, there is no absolute right to amend and a court may deny the motion based upon a finding of . . . futility."  *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).  A motion to amend will be denied as futile if the proposed amended pleading fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Zutz*, 601 F.3d at 850-51; *see also* Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court

---

[3]  Although the Hansons do not expressly limit their objection to Mundinger, they have not challenged the magistrate judge's determination that the proposed Amended Third-Party Complaint fails to state a claim for indemnification or contribution against Christopher and Steffen or for indemnification against all Third-Party Defendants.

must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Contribution is an equitable cause of action whereby one party seeks restitution from another for part of a payment made in satisfaction of a joint obligation." *Oelschlager v. Magnuson*, 528 N.W.2d 895, 898 (Minn. Ct. App. 1995). "Contribution requires common liability of two or more actors and payment by one of the actors of 'more than its fair share of a common liability.'" *Id.* at 899 (quoting *City of Willmar v. Short-Elliott-Hendrickson, Inc.*, 512 N.W.2d 872, 874 (Minn. 1994)). The common-liability requirement "guarantee[s] that contribution be recovered only from a party who was liable for the damages already satisfied by the party seeking contribution." *Samuelson v. Chi., Rock Island & Pac. R.R. Co.*, 178 N.W.2d 620, 623 (Minn. 1970). A tortfeasor is not entitled to contribution "if it acts with a conscious intent to cause harm or if its conduct constitutes 'intentional wrongdoing.'" *Jendro v. Honeywell, Inc.*, 392 N.W.2d 688, 690 (Minn. Ct. App. 1986) (quoting *Kempa v. E. W. Coons Co.*, 370 N.W.2d 414, 420-21 (Minn. 1985)). "Intentional wrongdoing" is established by showing that "the act *and* the harm resulting from the act were intended by the actor." *Id.*

Negligent or reckless conduct does not rise to the level of intentional wrongdoing. *See id.* Whether a party is entitled to a right to contribution is a legal issue for a court's determination. *See Zaffke v. Wallestad*, 642 N.W.2d 757, 759 (Minn. Ct. App. 2002).

Reading the Complaint as a whole, the magistrate judge concluded that the proposed Amended Third-Party Complaint was futile as to the contribution claim against Mundinger because "the Hansons' liability on Plaintiffs' state-law claims depends on a showing that the Hansons engaged in intentional wrongdoing by self-dealing." The Court is sympathetic to the Hansons' argument that the state-law claims and supporting factual allegations in the Complaint do not necessarily require a showing of intentional wrongdoing. Nevertheless, the Court overrules the Hansons' objection because amendment of the Third-Party Complaint to assert a claim for contribution against Mundinger would be futile for another reason. According to the allegations in the proposed Amended Third-Party Complaint, Mundinger caused ELI to redeem the Hansons' shares at a substantially inflated price in order to obtain control of ELI. The Hansons do not allege that Mundinger realized any financial benefit from the redemption and sale of the Hansons' shares. Therefore, even if Mundinger were found to share a common liability with the Hansons, her "fair share" of the actual damages, based on the allegations in the proposed Amended Third-Party Complaint, would be zero. *Cf.* 18 C.J.S. *Contribution* § 8 (2007) ("[T]he rule requiring each co-obligor to contribute equally is inapplicable where the co-obligors have received unequal benefits from the obligation."). In other words, the Hansons would not be entitled to any contribution from Mundinger even if they could show that she breached her fiduciary duty to ELI. Accordingly, the Court overrules the Hansons' objection to the magistrate judge's denial of their motion to file an Amended Third-Party Complaint.

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1.  The Hansons' Objection [Docket No. 58] to the Magistrate Judge's Order Denying Leave to Amend their Third-Party Complaint [Docket No. 55] is OVERRULED.

2.  The Hansons' Motion for Dismissal of Plaintiffs' Punitive Damages Claim [Docket No. 8] is GRANTED.

3.  Third-Party Defendants' Motion to Dismiss the Third-Party Complaint [Docket No. 12] is GRANTED.

Dated:  July 29, 2010

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge